HARRISON v. McGEHEE.

(Court of Civil Appeals of Texas. Ft. Worth. May 13, 1911. Rehearing Denied June 24, 1911.)

1. TRIAL (§ 252*)—INSTRUCTION—APPLICABILITY TO EVIDENCE.

Where, in an action to recover the value of a fence claimed by plaintiff, there was no evidence that defendant advised or consented to the conversion of the fence by another, it was error to charge that, if plaintiff bought the fence from defendant, and defendant, either in person or through his agents or assigns, thereafter converted the same, plaintiff was entitled to recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

2. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where, in an action for the value of a fence alleged to have been secured by plaintiff in exchange for certain other property, there was no proof that plaintiff paid any specified sum, either in money or in property, for the fence, an instruction that, if the jury believed that plaintiff paid $800 in money or property for the fence as alleged, and that defendant at the time had no title to the fence, because he had previously sold it to others, then the jury should find for plaintiff for such sum as they believed was paid by plaintiff for the fence, not to exceed $800 and interest, was erroneous, as inapplicable to the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

3. TROVER AND CONVERSION (§ 47*) — DAMAGES.

Where plaintiff sued for the conversion of a fence alleged to have been acquired in a trade, and the issue was whether the fence was included or not, and the proof did not show that plaintiff paid any specific sum for the fence, his measure of damages was not what he paid, but the reasonable market value of the fence, if it had a market value; otherwise its actual value at the time when, by the terms of the contract, he was to receive it, with interest on its value at the legal rate.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 47.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by J. N. McGehee against Z. T. Harrison. Judgment for plaintiff, and defendant appeals. Reversed.

Cunningham & Sewell, for appellant. Cunningham & Oliver, for appellee.

CONNER, C. J. Appellee, who instituted this suit, alleges in the first count of his petition that on or about the 12th day of February, 1908, appellant sold to the plaintiff certain property, including some 16 miles of wire fence, of the value of $50 per mile, located upon certain leased lands situated in Winkler county; that by the terms of the contract the defendant was to deliver to the plaintiff full possession, control, and ownership of the property specified on the 15th day of December, 1908, but failed to do so, to the plaintiff's damage in the full value of the fence, to wit $800, which he sought to recover, with interest from the 15th day of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

December, 1908, at the legal rate. In the second count plaintiff alleges that on or about the 16th day of December, 1908, he was lawfully seised and possessed of the fence above mentioned, and that soon thereafter the defendant converted the same to his own use and benefit, to his damage in the reasonable value thereof, which was $50 per mile, or the total of $800. In the third count he alleges that on or about the ———— day of May, 1908, he paid the defendant the full sum of $800 in money and property for said 16 miles of wire fence which the defendant promised to deliver to the plaintiff on or about the 15th day of December, 1908, but that at the time he (the plaintiff) so paid the defendant for said fence the defendant in fact had no such property but had already sold the same to Spence Joel and Jack M. Cowden, of Midland, Tex., and he therefore prayed to recover the $800 paid, with interest, etc. The defendant answered by a general denial, and in a trial before a jury appellee secured a verdict and judgment in his favor for the sum of $400.

[1] Among other things, the court charged the jury as follows: "You are charged that if you believe from a preponderance of the evidence that plaintiff bought the fence described in plaintiff's petition from the defendant upon the terms and conditions as defined in said petition, and you further find from the evidence that the defendant, either in person or through his agents or assigns, thereafter converted said fence to the defendant's use and benefit, and deprived the plaintiff of the value thereof, you will find for the plaintiff."

Appellant assigns error to this charge, and it must be sustained. As appellant insists, the charge is wholly inapplicable to the case made by the evidence. Appellee's evidence was to the effect that in an exchange of certain lands it was agreed that he should have a certain leasehold interest and the fence thereon located, which is in controversy, but the proof further shows without dispute that appellant had nothing to do with its conversion. Appellee, himself, testified: "The defendant did not move the fence off; Spence Joel moved it. I went out there with my gun to stop them from tearing it down, and we came very near having trouble over it. He claimed the fence under a prior bill of sale from the defendant." There is nothing in the evidence whatever tending to show that the appellant advised or consented to the conversion of the fence by Joel; and hence that issue was not in the case, and should not have been submitted.

[2] We think the court also erred in giving plaintiff's special charge No. 2, which is as follows: "You are charged that plaintiff has alleged that he paid the defendant $800 in money or property, or the value of 16 miles of wire fence, and that the defendant has received said sum in payment for said fence, but at the time plaintiff paid and the defend-

ant received the same that defendant had sold the fence to Spence Joel and Jack M. Cowden, and that the defendant has never returned said money to plaintiff and has delivered said fence to Joel and Cowden. Now if you believe from the evidence as alleged that plaintiff did pay said money or property for said fence to the defendant, and defendant accepted the same, and at the time of such payment and acceptance the defendant was not in a position to deliver said fence, but had theretofore sold said fence to Joel and Cowden, and that defendant has not returned to plaintiff the money or property so paid to defendant for said fence, if you believe that any such was so paid, then you will find for the plaintiff for such sum as you believe from the evidence was paid by plaintiff to defendant for said fence, not to exceed $800, and interest thereon from the 20th day of May, 1908."

This, as appellee contends, presents an issue in the pleadings, but there is no evidence supporting any such theory of the case. The plaintiff testified: "I never paid the defendant $800 for the fence in money, but I was to get it in trade for what it was worth. Joel and Cowden were to use it for a year to pasture their cattle, and then I was to get it. My land was valued at $32.50 per acre and Mr. Harrison's at $5 per acre. There was no extra consideration for the lease." It cannot be said from this that any specified sum, either in money or property, was given by appellee for the fence, and it was erroneous, therefore, to instruct the jury in such a way as to enable them to measure the plaintiff's damages by what he paid for the fence, when the evidence left it so wholly uncertain as to what this was.

[3] We think the court's general charge on the measure of damages, as well as plaintiff's special charge No. 2, relating to the same subject, was likewise erroneous. The charge on the measure of damages is as follows: "Should you find for the plaintiff, you will be governed by the following rule in arriving at your damages: You will find from the evidence the reasonable market value, if any, of said fence in Winkler county, Texas, at the time of the alleged sale, if any, and should you find from the evidence that said fence had no market value, then you will consider the actual value of said fence, if any."

The real issue in the case was whether in the exchange of lands between the parties to this controversy the fence was included. Appellant explicitly denies that it was. He testified: "There was nothing said about the lease. I did not sell him the lease and the improvements on the lease. Nothing was said about it in my presence. I had already sold the cattle to Joel and Cowden and transferred to them the lease and improvements. Plaintiff never paid me $800 for the fence in controversy, nor did he pay me anything for the fence. If Spence Joel promised McGehee that he could have the lease and the fence I

know nothing about it. I never authorized Spence Joel to sell or trade to McGehee the lease and fence. It already belonged to Joel and Cowden before I traded with McGehee." On the other hand, appellee was just as positive, as indicated by his testimony already quoted, that the lease and fence were included in the trade made, and if his version of the facts be adopted his measure of damages was not what he paid for the fence, for the evidence fails to show what this was, nor was it the value of the fence at the time of the trade, but compensation merely for what he lost by the removal of the fence by Spence Joel, which was the reasonable market value thereof if it had a market value; otherwise its actual value at the time when, by the terms of the contract, appellee was to receive the fence, together with interest on the value at the legal rate.

In the discussion before us, there is a contention that the inclusion of the fence in the exchange of properties noted was not by appellant, but by Spence Joel. Inasmuch, however, as there is evidence tending to show that Spence Joel was acting at the time as appellant's agent, no effect can be given the contention here. If in fact Joel was acting as appellant's agent at the time, his representations and agreements were binding upon appellant; otherwise not.

We conclude that the judgment must be reversed and the cause remanded.